UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL WILLIAMS,

    Plaintiff,

v.

MICHAEL MINEV, *et al.*,

    Defendants.

Case No. 3:21-cv-00326-MMD-WGC

ORDER

    This is a civil rights action filed under 42 U.S.C. § 1983 by *pro se* Plaintiff Michael Williams. (ECF No. 1-1.) On August 3, 2021, this Court issued an order directing Williams to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before September 28, 2021. (ECF No. 3.) On September 15, 2021, Williams filed a second incomplete application to proceed *in forma pauperis* that did not include a signature on the declaration portion of his application. (ECF No. 4 at 3.) The September 28, 2021, deadline has now expired, and Williams has not filed a fully complete application to proceed *in forma pauperis* or paid the full $402 filing fee.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to

comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Williams to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before September 28, 2021 expressly stated: "It is further ordered that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action on or before September 28, 2021, this case will be subject to dismissal without prejudice for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff is has all three documents needed to file a complete application to proceed *in*

*forma pauperis* or pays the the full $402 filing fee." (ECF No. 3 at 3.) Thus, Williams had adequate warning that dismissal would result from noncompliance with the Court's order.

It is therefore ordered that this action is dismissed without prejudice based on Williams' failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's order dated August 3, 2021. (ECF No. 3.)

It is further ordered that Williams' pending motion/application for leave to proceed *in forma pauperis* (ECF No. 4) is denied as moot.

The Clerk of Court is directed to close the case and enter judgment accordingly. No other documents may be filed in this now-closed case.

DATED THIS 7th Day of October 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE